## ATKIN McLEMORE v. SAMUEL K. McCLELLAN.

The question raised in argument by appellant is, whether, where a slave is hired by the year and dies before the expiration of that time, the hirer is bound for the hire for the whole period of the hiring, or only to the time of the death of the slave. There is some conflict of decisions on the question, but we think the better opinion is in favor of holding the hirer responsible for the hire only to the time of the death. The question, however, is not presented by the assignment of errors upon this case, &c.

See this case as to assignment of errors where the objection goes to the foundation of the action or defence.

Appeal from Shelby. Tried below before the Hon. Archibald W. O. Hicks.

Suit for $125 upon special contract for the hire of a slave for the year 1852. Plea that without any fault of defendant, the slave died about the first of February, 1852. General demurrer to plea sustained. Instructions to the effect that if the defendant hired the slave for the sum of money mentioned in the petition, and the slave was delivered to him in pursuance of the contract, they should find for the plaintiff. Verdict and judgment for plaintiff for $125. Motion for new trial on the ground that the verdict was contrary to the evidence and the charge of the Court. (There was a plea of limitation, and instructions thereon, not important to this report.) No statement of facts.

*J. M. Ardrey,* for appellant.

WHEELER, J. The question raised in argument by the appellant is, whether, when a slave is hired by the year, and dies before the expiration of that time, the hirer is bound for the hire for the whole period of the hiring, or only to the time of

the death of the slave. There is some conflict of decisions on the question, but we think the better opinion is in favor of holding the hirer responsible for the hire only to the time of the death. The question, however, is not presented by the assignment of errors upon the record in this case. The ruling of the Court upon the plaintiff's exceptions to the defendant's pleas is not assigned as error. There is no statement of facts. We, therefore, cannot revise the charge of the Court, or the judgment refusing a new trial on the grounds stated in the motion; that is, that the verdict was contrary to the evidence and the charge of the Court. The judgment must therefore be affirmed.

Judgment affirmed.